23547

Tony Ray BRIDWELL, Petitioner v. STATE of South Carolina, Respondent.

(413 S.E. (2d) 30)

Supreme Court

*Assistant Appellate Defender Robert M. Dudek*, of the *South Carolina Office of Appellate Defense*, Columbia, *for petitioner.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka*, and *Asst. Atty. Gen. Delbert H. Singleton, Jr.*, Columbia, *for respondent.*

*Vance L. Cowden*, of the *University of South Carolina School of Law*, Columbia, *for amicus curiae Nat. Legal Aid and Defender Ass'n.*

Submitted Dec. 6, 1991.

Decided Jan. 6, 1991.

GREGORY, Chief Justice:

Petitioner was convicted of two counts of assault and battery with intent to kill and one count of possession of explosive material without a license. His direct appeal was

dismissed after review pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E. (2d) 60 (1986). We granted a writ of certiorari to review the denial of postconviction relief (PCR) and now reverse.

Petitioner contends the waiver of his right to counsel at trial was not knowing and voluntary under *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. (2d) 562 (1975), because he was not warned of the dangers inherent in self-representation.

To establish a valid waiver of counsel, *Faretta* requires the accused be: (1) advised of his right to counsel; and (2) adequately warned of the dangers of self-representation. In the absence of a specific inquiry by the trial judge addressing the disadvantages of proceeding *pro se*, this Court will look to the record to determine whether petitioner had sufficient background or was apprised of his rights by some other source. *Prince v. State*, 301 S.C. 422, 392 S.E. (2d) 462 (1990); *Wroten v. State*, 301 S.C. 293, 391 S.E. (2d) 575 (1990).

In this case, the record indicates the trial judge gave petitioner no warning of the dangers of self-representation. Further, there is no evidence petitioner was aware of the hazards of proceeding *pro se*. Accordingly, we find the PCR judge erred in finding petitioner's waiver of counsel was knowing and voluntary. *See High v. State*, 300 S.C. 88, 386 S.E. (2d) 463 (1989) (this Court will not uphold PCR judge's finding if there is no evidence to support it). The denial of PCR is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.