522 S.E.2d 343

**Deborah Ann STEVENSON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25008.

Supreme Court of South Carolina.

Submitted Oct. 20, 1999.

Decided Nov. 1, 1999.

24

Assistant Appellate Defender Robert M. Pachak, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Howard L. Steinberg, all of Columbia, for respondent.

## ON WRIT OF CERTIORARI

MOORE, Justice:

Petitioner pled guilty to thirteen counts of forgery then filed this application for post-conviction relief (PCR) which was denied. We granted a writ of certiorari to review the denial of relief and now reverse.

## *FACTS*

Petitioner was not represented by counsel during her guilty plea proceeding. The plea judge told petitioner:

You have a right to a lawyer. You have a right to a trial by jury. You do not have to testify. The State is required to prove you guilty beyond a reasonable doubt. If you do not testify, I'd charge the jury they could not hold that against you. And you still want to plead guilty?

Petitioner indicated that she wished to plead guilty, and the proceeding continued until petitioner said she would fail a drug test if one were given to her. At that point, the plea judge accepted her plea, ordered a drug test, and stated he would sentence her the next morning.

The next morning, the plea judge again told petitioner she had a right to a lawyer and asked if she had a lawyer. Petitioner responded that she did not. The plea judge said, "You have a right to a lawyer. You want to give up that right and plead guilty?" Petitioner indicated that she did, and the guilty plea proceeding continued.

Before sentencing, the plea judge was informed that petitioner was on probation for simple possession of crack cocaine. The plea judge sentenced petitioner on the forgery counts and ordered that petitioner's probation be terminated, revoked, or allowed to run with the forgery sentence, stating "this is a flat sentence."

## *ISSUE*

Did the PCR court err in concluding that petitioner knowingly and intelligently waived her right to counsel?

### DISCUSSION

 The Sixth Amendment guarantees a right to counsel to criminal defendants. U.S. CONST. amend. VI; *State v. Stuckey*, 333 S.C. 56, 508 S.E.2d 564 (1998). The right to counsel also attaches to probation revocation proceedings. *Salley v. State*, 306 S.C. 213, 215, 410 S.E.2d 921, 922 (1991).

██ To establish a valid waiver of counsel, the accused must be advised of the right to counsel and adequately warned of the dangers of self representation. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 581–82 (1975). In the absence of a specific inquiry by the lower court addressing the dangers and disadvantages of proceeding *pro se*, we look to the record to determine whether petitioner had sufficient background or was apprised of her rights by some other source. *Bridwell v. State*, 306 S.C. 518, 519, 413 S.E.2d 30, 31 (1992).

In this case, the plea judge clearly advised petitioner that she had a right to counsel before she pled guilty. However, no one specifically informed petitioner of the dangers and disadvantages of proceeding *pro se*. Further, the record indicates petitioner lacked a sufficient background to understand the ramifications of proceeding *pro se*. Petitioner does not have a high school education and appeared in court only one time prior to these proceedings. Moreover, petitioner's testimony during the PCR hearing indicates that she did not understand the workings of the criminal justice system. For example, petitioner stated that she believed a solicitor was different from a prosecutor and that the solicitor looked out for her best interest. *See Prince v. State*, 301 S.C. 422, 392 S.E.2d 462 (1990) (determining Prince was not aware of the dangers and disadvantages of proceeding *pro se* when, among other things, Prince exhibited little understanding of criminal proceedings and testified he relied upon the solicitor's advice at the plea proceeding).

In addition, the plea judge failed to inform petitioner that she had a right to counsel during her probation revocation hearing and did not explain to petitioner the dangers and disadvantages of proceeding *pro se* during her probation revocation hearing.

■ We find the record does not demonstrate petitioner was sufficiently aware of the dangers of self representation to make an informed decision to proceed *pro se* during the plea proceeding and probation revocation hearing. We hold the PCR judge erred in finding a valid waiver of counsel. *See Satterwhite v. State*, 325 S.C. 254, 481 S.E.2d 709 (1997) (PCR judge's findings will be reversed if unsupported by any probative evidence). Accordingly, the order of the PCR judge is

REVERSED.

FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.