THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON 
 AS
PRECEDENT IN NAY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Rufus Junior Williams, Appellant.
 
 
 

Appeal From Greenville County
 John C. Few, Circuit Court Judge

Unpublished Opinion No.
2004-UP-536  
Submitted October 1, 2004  Filed October 21, 2004 

AFFIRMED

 
 
 
Edward Delane Rosemond, of Seneca, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; 
 and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

WILLIAMS, J.: Williams was convicted of 
 first-degree burglary and simple assault and battery.  He argues on appeal that 
 the trial judge abused his discretion by (1) not allowing him access to the 
 attorney of his choice and (2) admitting portions of a 9-1-1 tape into evidence.  
 We affirm. 
FACTS 
On August 25, 2002, Rufus Junior Williams made threatening phone calls to his 
 ex-girlfriendSmith.  Later the same night, Smith heard a noise in the bathroom 
 of her apartment.  After discovering that the screen in her bathroom window 
 had been cut open, she called 9-1-1.  While on the phone with the 9-1-1 operator, 
 Smith heard another noise in the bathroom and observed Williams walking down 
 the hallway towards her.  Smith dropped the phone and ran outside.  Williams 
 followed her out of the apartment and hit her on the back of her head, causing 
 her to fall to the ground.  Once on the ground, Williams repeatedly hit and 
 kicked Smith until a crowd drew near.  Williams then fled the scene and 
 was later arrested. 
Williams was charged with first-degree burglary and assault and battery. A 
 public defender was appointed to represent him at trial.  After Williams refused 
 to cooperate with the public defender, she filed a motion to be relieved.  The 
 trial court denied the motion, requiring Williams to proceed with the public 
 defender. 
During trial, the State offered the 9-1-1 tape into evidence.  Williams objected 
 to the tape on grounds that it was hearsay, cumulative, and prejudicial.  The 
 trial court overruled the objection and allowed portions of the 9-1-1 tape to 
 be admitted into evidence. 
The jury found Williams guilty of first-degree 
 burglary and assault and battery.  Williams was sentenced to twenty years on 
 the burglary charge and thirty days on the assault and battery charge. 
LAW/ANALYSIS
 I.      We find no error in the trial courts denial of defense counsels 
 motion to be relieved.  A motion to relieve counsel is addressed to the discretion 
 of the trial judge and will not be disturbed absent an abuse of discretion.  
 State v. Graddick, 345 S.C. 383, 385, 548 S.E.2d 210, 211 (2001) (citation 
 omitted). 
The Sixth Amendment guarantees criminal defendants a right to counsel.  U.S. 
 Const. Amend. VI; Stevenson v. State, 337 S.C. 23, 26, 522 S.E.2d 343, 
 344 (1999).  Defendants also have the right to secure counsel of their own choice.  
 Powell v. Alabama, 287 U.S. 45, 53 (1932).  However, the right to counsel 
 may be waived.  In State v. Jacobs, 271 S.C. 126, 245 S.E.2d 606 (1978), 
 our supreme court held that a defendant could waive the right to counsel through 
 his conduct.  The court noted that: 

[W]here a defendant able 
 to retain counsel has been advised by the court that he must retain counsel 
 by a certain reasonable time, and where there is no showing why he has not retained 
 counsel within that time, the court may treat his failure to provide for his 
 own defense as a waiver of his right to counsel and require such defendant to 
 proceed to trial without an attorney. 

Id. at 128, 245 S.E.2d 
 at 607-608 (quoting United States v. Arlen, 252 F.2d 491 (2d Cir. 1958)).  
 In State v. Jacobs, the Appellant never expressly waived his right to 
 counsel.  However, the trial court found that the Appellant was on several occasions 
 urged to retain counsel, a phone was made available to him, and additional time 
 had been given him to make arrangements.  Id. at 128, 245 S.E.2d at 608.  
 On the day of trial, counsel was not present and Appellant did not name an attorney 
 or indicate when counsel would be available.  Id.  Therefore, the court 
 held that Appellant had waived his right to counsel by his conduct. Id. 
 

In this case, also through his conduct, Williams waived the right to counsel 
 of his choice.  A public defender was appointed on August 29, 2002 to represent 
 him at trial; however, Williams was uncooperative with the public defender. 
 He failed to show up for office appointments and refused to discuss his case 
 or offer any defense.  One month before trial was to begin, Judge Kittredge 
 warned Williams that his case would soon be called for trial and that if he 
 wanted to hire a private attorney, he should do so quickly.  On the day of trial, 
 Williams alleged he had followed this advice and hired a private attorney.  
 However, Williams first talked to the attorney earlier that same morning and 
 failed to inform the attorney his case was on the trial docket for that day. 

Because Williams refused to cooperate with the public defender and failed to 
 hire a private attorney after the court urged him to do so, he waived the right 
 to have the counsel of his choice. Therefore, the trial court did not abuse 
 its discretion by requiring Williams to proceed to trial with the public defender. 

II.      The trial court did not err in allowing a portion of the Smiths 
 9-1-1 tape to be admitted into evidence.  The admissibility of evidence is 
 within the sound discretion of the trial judge.  State v. Mansfield, 
 343 S.C. 66, 77, 538 S.E.2d 257, 263 (Ct. App. 2000) (citing State v. Patterson, 
 337 S.C. 215, 522 S.E.2d 845 (Ct. App. 1999)).  Accordingly, evidentiary rulings 
 of the trial court will not be reversed on appeal absent an abuse of discretion 
 or the commission of legal error which results in prejudice to the defendant.  
 Id. 
The 9-1-1 tape contained Smiths conversation with 9-1-1 dispatchers as the 
 incident was occurring.  Williams argues the tape was highly prejudicial and 
 should not have been admitted into evidence.  The trial court found that the 
 tapes probative value outweighed any danger of unfair prejudice.  It noted 
 that the tape had significant probative value for two reasons.  First, the tape 
 provided a real-time account of the entering and was relevant to the issue of 
 whether or not Williams had the intent to commit a crime at the time of entering.  
 Secondly, the trial court noted that the State was trying to prove assault and 
 battery. An important element of assault is that the victim is placed in fear 
 by the attacker. Thus, screaming on the tape was relevant to show the victims 
 fear.  Therefore, the trial court found the tape had significant probative value. 

Because we feel the trial court clearly set forth the probative value of the 
 tape and made a conscious effort to minimize any prejudicial effect of the tape 
 might have, we find that the trial court did not abuse its discretion by admitting 
 the tape into evidence. 
CONCLUSION
Based on the foregoing reasons, Williams convictions 
 and sentences are
AFFIRMED.
GOOLSBY and ANDERSON, JJ., concur.