THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Terrell Lynwood
 McCoy, Appellant.
 
 
 

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2011-UP-471
 Submitted October 1, 2011  Filed October
26, 2011    

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J.
 Zelenka, Assistant Attorney General Melody Brown, all of Columbia; and Solicitor
 Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Terrell
 L. McCoy appeals his conviction for murder, arguing the circuit court erred in
 allowing McCoy to represent himself when the record does not show he made a
 knowing and intelligent waiver of his right to counsel.  We affirm.[1]
"It is well-established that an accused may waive the
 right to counsel and proceed pro se."  State v. Roberts, 369 S.C.
 580, 583, 632 S.E.2d 871, 873 (2006).  "Once the defendant has waived
 counsel, the [circuit court] has the responsibility to ensure that the accused
 is informed of the dangers and disadvantages of self-representation, and makes
 a knowing and intelligent waiver of the right to counsel."  State v.
 Fuller, 337 S.C. 236, 241, 523 S.E.2d 168, 170 (1999).  "Although a
 specific inquiry by the [circuit court] expressly addressing the disadvantages
 of a pro se defense is preferred, the ultimate test is not the [circuit
 court's] advice, but the accused's understanding."  State v. Cash, 309 S.C. 40, 42, 419 S.E.2d 811, 813 (Ct.App. 1992).
Here, the circuit court made
 a specific inquiry about the disadvantages and obstacles inherent in
 self-representation.  The circuit court discussed the subtleties and interplay
 between the rules of evidence, preservation issues, and trial strategy.  The
 circuit court also emphasized the advantages of an experienced and objective
 lawyer.  Furthermore, the circuit court specifically advised McCoy against
 waiving his right to counsel and told him that he personally would not
 represent himself and offered anecdotes to illustrate the dangers of
 self-representation.  McCoy expressed an understanding of how trials work,
 acknowledged the dangers of self-representation, and repeatedly expressed his
 desire to proceed pro se.  The circuit court colloquy and McCoy's repeated
 desire to represent himself reveals a knowing and intelligent waiver of McCoy's
 right to counsel.  See id.(holding the ultimate test is not the circuit court's advice
 but the accused's understanding). 
AFFIRMED.    
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.