THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Derrick Grant, Appellant.
 
 
 

Appeal From Berkeley County
 R. Markley Dennis, Jr., Circuit Court
 Judge

Unpublished Opinion No. 2011-UP-499
Submitted November 1, 2011  Filed
 November 9, 2011 

AFFIRMED

 
 
 
Senior Appellate Defender Joseph L. Savitz, III, of Columbia, for
 Appellant.
Attorney General Alan M. Wilson, Chief Deputy Attorney General
 John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant
 Attorney General Melody J. Brown, all of Columbia; and Solicitor Scarlett A.
 Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Derrick Grant appeals his conviction for
 murder, arguing the circuit court erred in allowing him to proceed with his
 trial pro se because his waiver of his right to counsel was not knowingly and
 intelligently made.[1] 
 We affirm.[2]
A
 defendant may waive his right to counsel and proceed pro se.  State v.
 McLauren, 349 S.C. 488, 493, 563 S.E.2d 346, 348 (Ct. App. 2002); see
 also Faretta v. California, 422 U.S. 806, 817 (1975)
 ("[F]orcing a lawyer upon an unwilling defendant is contrary to his basic
 right to defend himself if he truly wants to do so.").  The waiver,
 however, must be made knowingly and intelligently.  McLauren, 349 S.C. at
 493, 563 S.E.2d at 348.  The defendant must be (1) advised of his right to
 counsel and (2) adequately warned of the dangers of self-representation.  Id. at 493, 563 S.E.2d at 348-49.  "[T]he record [must] establish [the
 defendant] knows what he is doing and his choice is made with eyes open."  Faretta, 422 U.S. at 835 (internal quotation marks omitted).  Thus,
 "[t]he ultimate test of whether a defendant has made a knowing and
 intelligent waiver of the right to counsel is not the [circuit court's] advice,
 but the defendant's understanding."  McLauren, 349 S.C. at 493, 563
 S.E.2d at 348 (citation and internal quotation marks omitted).  "In the
 absence of a specific inquiry by the [circuit court] addressing the
 disadvantages of a pro se defense as required by the second Faretta prong, the appellate court will look to the record to determine whether [a
 defendant] had sufficient background or was apprised of his rights by some
 other source."  Id. at 494, 563 S.E.2d at 349; cf. Faretta,
 422 U.S. at 835 ("The record affirmatively shows that Faretta was
 literate, competent, and understanding, and that he was voluntarily exercising
 his informed free will.").
South
 Carolina courts consider the following series of factors "in determining
 if [a defendant] had sufficient background to understand the disadvantages of
 self-representation":

(1)
 the [defendant's] age, educational background, and physical and mental health;
 (2) whether the [defendant] was previously involved in criminal trials; (3)
 whether he knew of the nature of the charge and of the possible penalties; (4)
 whether he was represented by counsel before trial or whether an attorney
 indicated to him the difficulty of self-representation in his particular case;
 (5) whether he was attempting to delay or manipulate the proceedings; (6)
 whether the court appointed stand-by counsel; (7) whether the accused knew he
 would be required to comply with the rules of procedure at trial; (8) whether
 he knew of legal challenges he could raise in defense to the charges against
 him; (9) whether the exchange between the [defendant] and the court consisted
 merely of pro forma answers to pro forma questions;
 and (10) whether the [defendant's] waiver resulted from either coercion or
 mistreatment.

State v. Cash, 309 S.C. 40, 42-43, 419 S.E.2d 811, 813 (Ct. App.
 1992).
Here,
 we find the record shows Grant was knowingly and voluntarily exercising his
 informed free will.  In addition to the circuit court's repeated warnings of
 the dangers of self-representation throughout the pretrial phase and at the
 beginning of the trial, the record, in light of the Cash factors,
 supports the finding Grant understood his right to counsel and the consequences
 of self-representation.  Grant was a literate adult with a criminal history,
 but no evidence suggests any physical or mental impairment.  He was represented
 by counsel until he requested the circuit court, approximately four months
 after his arrest, to relieve him of his representation for irreconcilable
 differences over how his defense should be conducted.  Grant never attempted to
 delay proceedings, voluntarily withdrawing his only motion for a continuance of
 the trial.  Up until he was assisted by standby counsel, he made several
 motions to suppress evidence and requests for discovery materials under Rule 5,
 SCRCrimP.  Moreover, the circuit court, on multiple occasions, suggested he
 retain a public defender to represent him.  However, Grant made his mistrust of
 public defenders clear, noting he was comfortable with his self-representation
 while also declaring he was "scared out of [his] mind, not knowing nothing
 about nothing."  Cf. Faratta, 422 U.S. at 807-08 (involving
 a defendant who opted to represent himself because of what he perceived as an
 overwhelming caseload of the public defender).
At
 trial, Grant displayed a competent understanding of the process.  He made
 several objections and successfully suppressed a photograph for its prejudicial
 effect.  He cross-examined many of the State's witnesses, engaging the State's
 investigators in particularly lengthy examinations.  Thus, the record shows
 Grant knew what he was doing and that he made his choice with eyes open. 
 Accordingly, the decision of the circuit court is
AFFIRMED.
FEW, C.J., THOMAS and KONDUROS, JJ., concur.

[1] Because we find the waiver was valid, we decline to
 address any remaining issues.  See Futch v. McAllister Towing of
 Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an
 appellate court need not review remaining issues when its determination of a
 prior issue is dispositive of the appeal).
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.