**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jeffery James Williams, Appellant.

Appellate Case No. 2019-001481

Appeal From Saluda County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2021-UP-429
Submitted October 1, 2021 – Filed December 8, 2021

**AFFIRMED**

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

**PER CURIAM:** Jeffery James Williams appeals his conviction for threatening a public official and sentence of five years' imprisonment. On appeal, Williams argues the trial court erred in permitting him to represent himself without

adequately warning him of the dangers of self-representation pursuant to *Faretta v. California*.[1]

Because the record reflects Williams had sufficient background to understand the disadvantages of self-representation and was advised of his right to counsel, we find Williams knowingly, intelligently, and voluntarily waived his right to counsel. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Barnes*, 407 S.C. 27, 35, 753 S.E.2d 545, 550 (2014) ("A South Carolina criminal defendant has the constitutional right to represent himself under both the federal and state constitutions."); *State v. Reed*, 332 S.C. 35, 41, 503 S.E.2d 747, 750 (1998) ("It is well-established that an accused may waive the right to counsel and proceed *pro se*."); *State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 491 (2018) ("In order to effectively invoke this right of self-representation, the defendant must clearly and unequivocally assert his desire to proceed *pro se* and such request must be made knowingly, intelligently and voluntarily."); *Faretta*, 422 U.S. at 835 (explaining the requirement that a criminal defendant must be "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open'" (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942))); *Prince v. State*, 301 S.C. 422, 423-24, 392 S.E.2d 462, 463 (1990) ("To establish a valid waiver of counsel, *Faretta* requires the accused be: (1) advised of his right to counsel; and (2) adequately warned of the dangers of self-representation."); *State v. Cash*, 309 S.C. 40, 42, 419 S.E.2d 811, 813 (Ct. App. 1992) ("Although a specific inquiry by the [trial court] expressly addressing the disadvantages of a pro se defense is preferred, the ultimate test is not the trial [court's] advice but the accused's understanding." (italics omitted)); *State v. Bryant*, 383 S.C. 410, 415, 680 S.E.2d 11, 13 (Ct. App. 2009) ("[W]hen the trial court fails to expressly make this inquiry, this court will examine the record to determine whether the accused had sufficient background or was apprised of [his] rights by some other source."); *Cash*, 309 S.C. at 43, 419 S.E.2d at 813 ("Factors the courts have considered in determining if an accused had sufficient background to understand the disadvantages of self-representation include: (1) the accused's age, educational background, and physical and mental health; (2) whether the accused was previously involved in criminal trials; (3) whether he knew of the nature of the charge and of the possible penalties; (4) whether he was represented by counsel before trial or whether an attorney indicated to him the difficulty of self-representation in his particular case; (5) whether he was attempting to delay or manipulate the proceedings; (6) whether the court appointed stand-by counsel; (7)

---

[1] 422 U.S. 806 (1975).

whether the accused knew he would be required to comply with the rules of procedure at trial; (8) whether he knew of legal challenges he could raise in defense to the charges against him; (9) whether the exchange between the accused and the court consisted merely of *pro forma* answers to *pro forma* questions; and (10) whether the accused's waiver resulted from either coercion or mistreatment.").

**AFFIRMED.**[2]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.