**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rodney Nesmith, Appellant.

Appellate Case No. 2023-001854

Appeal From Horry County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2025-UP-355
Submitted October 1, 2025 – Filed October 22, 2025

**AFFIRMED**

Appellate Defender Sarah Elizabeth Shipe, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Brian Hollis Gibbs, both of Columbia;
and Solicitor Jimmy A. Richardson, II, of Conway, all for
Respondent.

**PER CURIAM:** Rodney Nesmith appeals his conviction for distribution of cocaine and sentence of twenty years' imprisonment. On appeal, Nesmith argues the trial court erred in allowing him to proceed pro se because although he was

warned of the right he was waiving, he did not understand it.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in allowing Nesmith to proceed pro se because the court advised him of his right to counsel and adequately warned him of the dangers of self-representation pursuant to *Faretta v. United States*.[1]  Moreover, Nesmith had sufficient background to understand the dangers of self-representation.  *See State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 490 (2018) ("Whether a defendant has knowingly, intelligently, and voluntarily waived his right to counsel is a mixed question of law and fact which appellate courts review de novo."); *id.* (providing the court must analyze the defendant's "testimony, history, and the circumstances of his decision, . . . at the time the defendant made his request"); *State v. Dial*, 429 S.C. 128, 133, 838 S.E.2d 501, 504 (2020) (noting the State has the burden "to demonstrate the validity of a defendant's waiver of his right to counsel"); *Wroten v. State*, 301 S.C. 293, 294, 391 S.E.2d 575, 576 (1990) (stating that although a specific inquiry by the court expressly addressing the disadvantages of proceeding pro se is preferred to ensure the right is properly waived, "the ultimate test is not the trial [court's] advice but rather the defendant's understanding"); *State v. Cash*, 309 S.C. 40, 43, 419 S.E.2d 811, 813 (Ct. App. 1992) (indicating that if there is no inquiry by the court as to the defendant's understanding of his rights, the court may "look to the record to determine if the accused had sufficient background to understand the disadvantages of self-representation"); *id.* (noting the court considers a non-exhaustive list of factors to determine if an accused has sufficient background including: "(1) the accused's age, educational background, and physical and mental health; (2) whether the accused was previously involved in criminal trials; (3) whether he knew of the nature of the charge and of the possible penalties; (4) whether he was represented by counsel before trial or whether an attorney indicated to him the difficulty of self-representation in his particular case; (5) whether he was attempting to delay or manipulate the proceedings; (6) whether the court appointed stand-by counsel; (7) whether the accused knew he would be required to comply with the rules of procedure at trial; (8) whether he knew of legal challenges he could raise in defense to the charges against him; (9) whether the exchange between the accused and the court consisted merely of *pro forma* answers to *pro forma* questions; and (10) whether the accused's waiver resulted from either coercion or mistreatment").

---

[1] 422 U.S. 806, 819 (1975).

**AFFIRMED.**[2]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.