**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Terrence O'Neil Frazier, Respondent.

Appellate Case No. 2023-001439

———

Appeal From Greenwood County
Eugene C. Griffith, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-427
Submitted November 3, 2025 – Filed December 23, 2025
Withdrawn, Substituted, and Refiled February 4, 2026

———

**AFFIRMED AND REMANDED**

———

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua A. Edwards, both of Columbia,
and Solicitor David M. Stumbo, of Greenwood, for
Appellant.

Appellate Defender Joanna K. Delany, of Columbia, for
Respondent.

———

**PER CURIAM:**  Terrence O'Neil Frazier was convicted of leaving the scene of an accident, breaking into a motor vehicle, grand larceny of a motor vehicle valued at more than ten thousand dollars, and trafficking methamphetamine.  Frazier appealed his convictions, this court found the record did not demonstrate his decision to represent himself was made with an understanding of the risks of self-representation, and we remanded for an evidentiary hearing on the issue of whether Frazier's waiver of counsel was knowingly and intelligently made.  *State v. Frazier*, Op. No. 2019-UP-371 (S.C. Ct. App. filed Nov. 27, 2019).  After a hearing, the circuit court found Frazier's waiver of counsel was not knowingly and intelligently made.  The State appeals.  We affirm pursuant to Rule 220(b), SCACR and remand for a new trial.

We find that Frazier's decision to represent himself was not made with a sufficient understanding of the risks of self-representation; thus, he did not knowingly and intelligently waive his right to counsel.  *See State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 490 (2018) ("Whether a defendant has knowingly, intelligently, and voluntarily waived his right to counsel is a mixed question of law and fact which appellate courts review de novo."); *State v. Dial*, 429 S.C. 128, 133, 838 S.E.2d 501, 504 (2020) ("A defendant may waive his right to counsel, but he must do so knowingly and intelligently."); *id.* ("For a knowing and intelligent waiver to occur, the defendant must be '(1) advised of his right to counsel; and (2) adequately warned of the dangers of self-representation.'" (quoting *Prince v. State*, 301 S.C. 422, 423-24, 392 S.E.2d 462, 463 (1990))); *id.* ("The burden is on the State to demonstrate the validity of a defendant's waiver of his right to counsel."); *Hines v. State*, 443 S.C. 32, 39, 902 S.E.2d 377, 380-81 (2024) ("[I]t is [a defendant's] understanding of the right—not the incantations of the trial judge or the words on a printed form—that controls our inquiry into whether the waiver is good."); *State v. Cash*, 309 S.C. 40, 43, 419 S.E.2d 811, 813 (Ct. App. 1992) (enumerating the factors to be considered in determining if the accused had sufficient understanding of the disadvantages of self-representation to include the following: "(1) the accused's age, educational background, and physical and mental health; (2) whether the accused was previously involved in criminal trials; (3) whether he knew of the nature of the charge and of the possible penalties; (4) whether he was represented by counsel before trial or whether an attorney indicated to him the difficulty of self-representation in his particular case; (5) whether he was attempting to delay or manipulate the proceedings; (6) whether the court appointed stand-by counsel; (7) whether the accused knew he would be required to comply with the rules of procedure at trial; (8) whether he knew of legal challenges he could raise in defense to the charges against him; (9) whether the exchange between the accused and the court consisted merely of *pro forma* answers to *pro*

*forma* questions; and (10) whether the accused's waiver resulted from either coercion or mistreatment").  After our review of the *Cash* factors, we agree with the circuit court's finding that Frazier's waiver of counsel was not knowingly and intelligently made.  Accordingly, the order on appeal is

**AFFIRMED AND REMANDED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.