**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shemual Nahum Ben Yisrael, Appellant.

Appellate Case No. 2022-001044

_____

Appeal From Beaufort County
Robert J. Bonds, Circuit Court Judge

_____

Unpublished Opinion No. 2026-UP-091
Submitted January 2, 2026 – Filed February 25, 2026

_____

**AFFIRMED**

_____

Appellate Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor Isaac McDuffie Stone, III, of
Bluffton, all for Respondent.

_____

**PER CURIAM:** Shemual Nahum Ben Yisrael appeals his conviction for failure to stop for blue lights and sentence of three years' imprisonment, suspended upon the service of twenty months' imprisonment and twelve months of probation. On

appeal, Yisrael argues the trial court erred by (1) allowing him to proceed pro se at trial and (2) excluding relevant testimony that he sought to elicit by recalling a witness. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not err in allowing Yisrael to represent himself at trial. Although the trial court did not conduct a proper *Faretta*[1] inquiry because it failed to adequately warn Yisrael of the dangers of self-representation, Yisrael had a sufficient background to knowingly, intelligently, and voluntarily waive his right to counsel. Thus, we hold the trial court did not err in allowing him to proceed pro se at trial. *See State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 490 (2018) ("Whether a defendant has knowingly, intelligently, and voluntarily waived his right to counsel is a mixed question of law and fact which appellate courts review de novo."); *id.* ("[The c]ourt must consider the defendant's testimony, history, and the circumstances of his decision, as presented to the [trial court] at the time the defendant made his request."); *Prince v. State*, 301 S.C. 422, 423-24, 392 S.E.2d 462, 463 (1990) ("To establish a valid waiver of counsel, *Faretta* requires the accused be: (1) advised of his right to counsel; and (2) adequately warned of the dangers of self-representation."); *Hines v. State*, 443 S.C. 32, 40, 902 S.E.2d 377, 381 (2024) ("Where, as in *Faretta*, the defendant is venturing to represent himself at trial, the trial court must rigorously convey specific warnings of the pitfalls of going to trial without a lawyer."); *Faretta*, 422 U.S. at 835 (stating a defendant must "clearly and unequivocally" assert he wants to represent himself and do so knowingly, intelligently, and voluntarily); *State v. Cash*, 309 S.C. 40, 42, 419 S.E.2d 811, 813 (Ct. App. 1992) ("In the absence of an inquiry by the [trial court], courts look to the record to determine if the accused had sufficient background to understand the disadvantages of self-representation."); *id.* at 43, 419 S.E.2d at 813 (discussing a non-exhaustive list of factors to determine if a defendant has a sufficient background to understand the dangers of self-representation including: "(1) the accused's age, educational background, and physical and mental health; (2) whether the accused was previously involved in criminal trials; (3) whether he knew of the nature of the charge and of the possible penalties; (4) whether he was represented by counsel before trial or whether an attorney indicated to him the difficulty of self-representation in his particular case; (5) whether he was attempting to delay or manipulate the proceedings; (6) whether the court appointed stand-by counsel; (7) whether the accused knew he would be required to comply with the rules of procedure at trial; (8) whether he knew of legal challenges he could raise in defense to the charges against him; (9) whether the exchange between the accused and the court consisted merely of *pro forma* answers to *pro*

---

[1] 422 U.S. 806 (1975).

*forma* questions; and (10) whether the accused's waiver resulted from either coercion or mistreatment").

2.  We hold the trial court did not abuse its discretion by refusing to allow Yisrael to recall Chief Gregory Alexander as a witness to testify regarding a phone call with the Federal Bureau of Investigation (FBI) and whether the FBI investigated the Yemassee Police Department (YPD).  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law.").  During a proffer, Alexander testified, "I do know that [Yisrael] called the FBI on [the YPD], and they called us and told us [Yisrael] called them on us, that it caused an investigation?  No, sir," which Yisrael offered in support of his defense that he had "mitigating circumstances" for his failure to stop for blue lights.  We hold Alexander's testimony that he knew Yisrael called the FBI is inadmissible because it is based on Alexander's testimony that the FBI told him Yisrael "called [the FBI] on us," which is inadmissible hearsay.  *See* Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Rule 802, SCRE ("Hearsay is not admissible except as provided by [the South Carolina Rules of Evidence] or by other rules prescribed by the Supreme Court of this State or by statute.").  We hold the remaining part of Alexander's testimony—he was unaware if an investigation occurred—is inadmissible because its low probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.