21604

The STATE, Respondent, v. Larry CAIN, Appellant.
(284 S. E. (2d) 779)

*Chief Atty. John L. Sweeny, of S. C. Commission of Appellate, Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Martha L. McElveen,* Columbia, *for respondent.*

November 24, 1981.

*Per Curiam:*

The appellant was tried *in absentia* and without counsel and convicted of driving under the influence of alcohol, third offense. He was sentenced to three (3) years' imprisonment and a fine of $2,000. He argues the court cannot infer a valid waiver of his right to counsel from his failure to be present at trial. We disagree and affirm the conviction.

The appellant was released on a general appearance bond [1] and was represented by counsel at a preliminary hearing. Both the appellant and his attorney knew the case was coming up for trial. The appellant knew he had a duty to stay in touch with his attorney and with the court.

We held in *State v. Jacobs,* 271 S. C. 126, 245 S. E. (2d) 606 (1978) that a waiver of the right to counsel can be inferred from a defendant's actions. In this case, the appellant

failed to fulfill the conditions of his appearance bond and neglected to keep contact with his attorney, although he knew his trial was imminent. We think a waiver of the right to counsel is inferrable from these omissions.

Therefore, we affirm the appellant's conviction and sentence.

[1] The bond required his attendance at the next call of the General Sessions Court. It further ordered him to continue to appear until his case was disposed of.