23220

Alexander PRINCE, Petitioner v. STATE of South Carolina, Respondent.

(392 S. E. (2d) 462)

Supreme Court

*Asst. Appellate Defender Wanda Hagler Haile,* of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Staff Atty. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted May 23, 1990.

Decided May 29, 1990.

GREGORY, Chief Justice:

This case is before us on a writ of certiorari to review the denial of post-conviction relief (PCR). We reverse and remand.

Petitioner pleaded guilty to escape and breach of trust and was sentenced to consecutive terms of one year and three years. No direct appeal was taken. Petitioner subsequently filed a PCR application alleging his guilty plea was invalid. This application was denied after a hearing.

Petitioner contends the PCR judge erred in finding his guilty plea valid because there was no valid waiver of counsel under *Faretta v. California,* 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. (2d) 562 (1975). To establish a valid

waiver of counsel, *Faretta* requires the accused be: (1) advised of his right to counsel; and (2) adequately warned of the dangers of self-representation. In the absence of a specific inquiry by the trial judge addressing the disadvantages of a *pro se* defense as required by the second *Faretta* prong, this Court will look to the record to determine whether petitioner had sufficient background or was apprised of his rights by some other source. *Wroten v. State*, 391 S.E. (2d) 575 (S.C. 1990).

The record indicates petitioner was twenty-two years old at the time of his plea. He was a high-school graduate and had some college education. He had previously pleaded guilty to armed robbery. The record also indicates petitioner was mentally disturbed at the time of his plea. Once incarcerated, he began receiving psychiatric treatment and was still undergoing treatment at the time of the PCR hearing three years later. In response to questioning at the PCR hearing, petitioner exhibited little understanding of criminal proceedings. He testified he relied upon the solicitor's advice at the plea hearing.

We find the record does not demonstrate petitioner was sufficiently aware of the dangers of self-representation to make an informed decision to proceed *pro se*. We hold the PCR judge erred in finding a valid waiver of counsel. Accordingly, the order of the PCR judge is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.