675 S.E.2d 732

**The STATE, Petitioner,**

v.

**Clinton ROBERSON, Respondent.**

**No. 26627.**

Supreme Court of South Carolina.

Heard Feb. 5, 2009.

Decided April 6, 2009.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, and David Michael Pascoe, Jr., of Orangeburg, for Petitioner.

Chief Appellate Defender Joseph L. Savitz, III, of South Carolina Commission on Indigent Defense, of Columbia, for Respondent.

Justice PLEICONES:

Respondent Clinton Roberson (Respondent) was tried in absentia and without counsel and was convicted by a jury for failing to register as a sex offender. He was sentenced to 90 days in prison. The trial court denied Respondent's motion for a new trial on grounds that Respondent waived the right to counsel by his actions. Respondent appealed the trial court's denial of his motion for a new trial, contending that he was deprived of his right to counsel, and the Court of Appeals reversed. *State v. Roberson*, 371 S.C. 334, 638 S.E.2d 93 (Ct.App.2006). We granted certiorari and now reverse.

## FACTS

Respondent was convicted for committing a lewd act with a minor and consequently was required by S.C.Code Ann. § 23–3–450 (1999) to register as a sex offender. Respondent was further required by § 23–3–460 to reregister annually and by § 23–3–470 to notify the sheriff if he changed addresses. He was arrested for failure to register as a sex offender in violation of § 23–3–470(B)(1) (1999).

Respondent was released on bond the day after his arrest after signing a bail form, which provided that he was released on the condition that he would appear at St. George, South Carolina courthouse on the date set for trial. As the date approached, two letters of "Notice of Appearance for Court" were mailed to Respondent's last known address, requiring him to appear at court.

Respondent did not appear for trial and a trial was conducted in his absence. A jury found Respondent guilty of failing to register as a sex offender and the judge sentenced him to 90 days imprisonment. The judge then sealed the verdict until Respondent could be brought before the court.

Over three years later, Respondent was present for sentencing at the St. George courthouse, but the court granted a motion by Respondent's counsel for a continuance in order to allow him to consult a transcript to determine whether Re-

spondent was represented at the February trial. A motions hearing was then held, at which time Respondent's counsel moved for a new trial, on the ground that (1) Respondent did not receive notice of the trial and so, did not make a knowing and intelligent waiver of his right to appear, and (2) Respondent was deprived of his right to counsel. The sentencing judge denied the motion for a new trial and imposed the sealed sentence.

Respondent appealed to the Court of Appeals, which reversed, finding that Respondent's failure to appear did not constitute an affirmative waiver by conduct of his right to counsel. *Roberson, supra.*

## ISSUE

Did the Court of Appeals err in finding that Respondent's failure to appear did not constitute an affirmative waiver of his right to counsel and reversing the circuit court?

## DISCUSSION

■■■ The Sixth Amendment to the Constitution requires that in all criminal prosecutions, the accused shall have the right to the assistance of counsel. U.S. Const. amend. VI. Courts have recognized three ways in which a defendant may relinquish his right to counsel: (1) waiver by an affirmative, verbal request; (2) waiver by conduct; and (3) forfeiture. *State v. Boykin,* 324 S.C. 552, 556, 478 S.E.2d 689, 690 (Ct.App.1996). The record is clear that Respondent did not waive counsel through an affirmative verbal request, therefore if Respondent relinquished his right to counsel, it must have been through waiver by conduct or forfeiture.

We held in *State v. Cain,* 277 S.C. 210, 284 S.E.2d 779 (1981), that a waiver of the right to counsel may be inferred from a defendant's actions. In that case, this Court noted that the appellant failed to fulfill the conditions of his appearance bond and neglected to keep in contact with the court, though he was aware of his impending trial date. *Id.* at 210–11, 284 S.E.2d at 779. In the instant case, evidence established that Respondent was advised at the bond hearing that he was to appear at court on the trial date, he signed a bond form stating the same, and twice a letter of "Notice of Appearance

for Court" was mailed to his last known address. Additionally, Respondent's background shows a familiarity with the court system.

We find that given Respondent's criminal history, his disregard for the instructions of the court, and his inexcusable absence from trial, a waiver by conduct of the right to counsel is inferable.

In reversing the trial court, the Court of Appeals held that to find any waiver by conduct, the requirements of *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), must be met. *Roberson,* 371 S.C. at 337, 638 S.E.2d at 94–95. The Court of Appeals therefore reversed since "there is no evidence in the record establishing that a trial judge advised Roberson of his right to counsel and warned him of the dangers of self-representation." *Id., citing Prince v. State,* 301 S.C. 422, 423–24, 392 S.E.2d 462, 463 (1990).

We find both *Prince* and *Faretta* inapplicable to the instant case. Both cases addressed defendants who elected self-representation, and therefore the trial court was required to (1) advise the accused of his right to counsel, and (2) adequately warn the accused of the dangers of self-representation. *Prince,* 301 S.C. at 423–24, 392 S.E.2d at 463; *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581–82. In the instant case, Respondent gave no indication that he wished to proceed *pro se* and instead failed to appear for trial. Consequently the *Faretta* requirements are irrelevant and pose no bar to waiver. *See Jackson v. State,* 868 N.E.2d 494, 500 (Ind.2007) (warnings as to the perils of self-representation are irrelevant where defendant did not indicate a desire to represent himself).

We find that a waiver by conduct of the right to counsel is inferable from Respondent's actions. Therefore, the Court of Appeals erred in reversing the trial court.

**REVERSED.**

TOAL, C.J., WALLER, KITTREDGE, JJ., and Acting Justice E.C. BURNETT, III, concur.