THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Roscoe Roy Moore, III, Appellant.
 
 
 
 
 

Appeal From Florence County
Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2010-UP-502
 Submitted October 1, 2010  Filed November
12, 2010    

AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley
 W. Elliott, and Assistant Attorney General A. West Lee, all of Columbia; and
 Solicitor Edgar L. Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM:  Roscoe
 Roy Moore, III, was convicted of shoplifting, third
 offense or greater, following his trial in absentia and without counsel. He
 appeals, asserting his failure to appear at trial did not operate as a valid
 waiver of counsel.  We affirm[1] pursuant to Rule 220(b)(1), SCACR,
 and the following authorities:  State
 v. Roberson, 382 S.C. 185, 187-88, 675
 S.E.2d 732, 733-34 (2009) (finding, where defendant was advised at the bond
 hearing that he was to appear at court on the trial date, he signed a bond form
 stating the same, he was sent notice of appearance for court, and his
 background showed a familiarity with the court system, a waiver by conduct of
 the right to counsel was inferable from defendant's actions by his disregard
 for the instructions of the court and his inexcusable absence from trial; Faretta requirements that a defendant be advised of his right to counsel and of the
 dangers of self-representation were irrelevant and posed no bar to waiver where
 the defendant gave no indication he wished to proceed pro se, but instead
 failed to appear at trial); State v. Cain, 277 S.C. 210, 210-11, 284
 S.E.2d 779, 779 (1981) (inferring a waiver of right to counsel and affirming
 defendant's conviction and sentence where defendant, who was tried in absentia
 and without counsel, failed to fulfill the conditions of his appearance bond
 and neglected to keep in contact with his attorney despite knowing the trial
 was imminent).
AFFIRMED.
FEW, C.J., and
 HUFF and GEATHERS, JJ., concur.  

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.