**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38797**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **2012 Opinion No. 36** |
| Plaintiff-Respondent, | ) |
| | ) **Filed: June 28, 2012** |
| v. | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| LYNN LEWIS SCHWAB, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

James K. Ball of Manweiler, Breen, Ball & Hancock, PLLC, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

PERRY, Judge Pro Tem

Lynn Lewis Schwab appeals from his judgment of conviction entered on his guilty plea to felony driving under the influence. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 2010, the state charged Schwab with felony driving under the influence (DUI) because Schwab had two prior DUI convictions within the previous ten years. I.C. §§ 18-8004, 18-8005(6). Schwab filed a motion in limine to prohibit the state from using his 2008 DUI conviction in Montana to enhance his DUI in this case from a misdemeanor to a felony. Following a hearing, the district court entered an order denying Schwab's motion. Pursuant to an I.C.R. 11 plea agreement, Schwab entered a conditional guilty plea to felony DUI and

1

reserved his right to appeal the district court's denial of his motion in limine.[1]  The district court sentenced Schwab to a unified term of seven years, with a minimum period of confinement of two years; suspended the sentence; and placed Schwab on probation for seven years.  Schwab appeals.

## II.

## ANALYSIS

### A.     Idaho Law

Idaho Code Section 18-8005(6) provides that any person who pleads guilty to or is found guilty of a DUI violation, who also pled guilty to or was found guilty of two such violations within the previous ten years, is guilty of felony DUI.  Schwab argues that the state should not have been allowed to use his 2008 Montana DUI conviction to enhance his DUI in this case from a misdemeanor to a felony because he did not have knowledge of his Montana trial date and, therefore, was convicted in an uncounseled trial in which he never appeared, waived his right to counsel, or was informed of the dangers of self-representation.  Thus, Schwab asserts that his Montana conviction was obtained in violation of his constitutional rights to counsel and to be present at trial.

Schwab acknowledges that the Idaho Supreme Court's decision in *State v. Weber*, 140 Idaho 89, 90 P.3d 314 (2004) contains language that has been read to foreclose a collateral attack on a prior conviction under the United States Constitution on any ground other than denial of the Sixth Amendment right to counsel.  However, Schwab submits that this Court should read the Idaho Constitution to allow him to also attack his Montana conviction based on denial of the right to be present at trial.  Specifically, Schwab cites Article I, Section 13 of the Idaho Constitution which provides that, in all criminal prosecutions, the party accused shall have the right to appear and defend in person and with counsel.  In response, the state asserts that, pursuant to *Weber* and this Court's decision in *State v. Warren*, 135 Idaho 836, 25 P.3d 859 (Ct. App. 2001), Schwab can only collaterally attack his Montana conviction based on denial of the right to counsel.

---

[1]     The state also charged Schwab with driving without a license and failure to provide proof of insurance.  Schwab's plea agreement included these charges, but they are not at issue on appeal.

In *Warren*, the defendant was charged with eluding a police officer and a persistent violator sentence enhancement. Pursuant to a plea agreement, Warren entered a guilty plea to eluding a police officer and the state dismissed the persistent violator enhancement. Prior to sentencing, Warren moved to withdraw his guilty plea. Warren asserted that he pled guilty based on his counsel's advice that he could not collaterally attack his prior conviction for ineffective assistance of counsel in the prior proceeding for purposes of defending against a subsequent persistent violator enhancement. The district court denied Warren's motion. On appeal, this Court reasoned that, by attempting to challenge the prior conviction, Warren was asking a district court to deprive a prior state court judgment of its normal force and effect in a proceeding that had an independent purpose other than to overturn that prior judgment. We then cited the United States Supreme Court's decision in *Custis v. United States*, 511 U.S. 485, 496 (1994) in which the Court held that a defendant's due process right to collaterally attack a conviction used for sentencing enhancement purposes in a later proceeding is limited to the constitutional defect of failure to appoint counsel. *Warren*, 135 Idaho at 840, 25 P.3d at 863.

This Court further noted the policy considerations of ease of administration and finality of judgments supporting the Court's decision in *Custis*. *Warren*, 135 Idaho at 840, 25 P.3d at 863. In *Custis*, the Court reasoned:

> Custis invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon* [*v. Wainwright*, 372 U.S. 335 (1963)]. We decline to do so. We think that since the decision in *Johnson v. Zerbst,* [304 U.S. 458 (1938)] more than half a century ago, and running through our decisions in *Burgett* [*v. Texas*, 389 U.S. 109 (1967)] and [*United States v. Tucker*, 404 U.S. 443 (1972)], there has been a theme that failure to appoint counsel for an indigent defendant was a unique constitutional defect. Custis attacks his previous convictions claiming the denial of the effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights in opting for a "stipulated facts" trial. None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all. *Johnson v. Zerbst*, *supra*.
> Ease of administration also supports the distinction. As revealed in a number of the cases cited in this opinion, failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order. But determination of claims of ineffective assistance of counsel, and failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or . . . records that may date from another era, and may come from any one of the 50 States.

3

. . . . The interest in promoting the finality of judgments provides additional support for our constitutional conclusion. As we have explained, "[i]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures" and inevitably delay and impair the orderly administration of justice. *United States v. Addonizio*, 442 U.S. 178, 184, n.11, 99 S. Ct. 2235, 2240, n.11, 60 L. Ed. 2d 805 (1979). We later noted in *Parke v. Raley*, 506 U.S. 20, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992), that principles of finality associated with habeas corpus actions apply with at least equal force when a defendant seeks to attack a previous conviction used for sentencing. By challenging the previous conviction, the defendant is asking a district court "to deprive [the] [state-court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t]." *Id.*, at 30, 113 S. Ct., at 523.

*Custis*, 511 U.S. at 496-97.

This Court also considered Warren's assertion that he was entitled to greater protection under Article I, Section 13 of the Idaho Constitution. We reasoned that Warren could attack the validity of his prior conviction on direct appeal and through post-conviction relief proceedings. Therefore, we concluded that no other mechanism for attacking the validity of Warren's prior conviction was necessary, especially one that deprived the prior state court judgment of its normal force and effect on grounds asserted by Warren in a proceeding with an independent purpose other than to overturn that prior judgment. *Warren*, 135 Idaho at 841, 25 P.3d at 864. Accordingly, we held that Warren could not collaterally attack his prior conviction for ineffective assistance of counsel in the prior proceeding for purposes of defending against a subsequent persistent violator enhancement. *Id.*

Shortly after *Warren*, in *Weber*, 140 Idaho 89, 90 P.3d 314, the Idaho Supreme Court addressed the scope of a defendant's right to collaterally attack the validity of misdemeanor DUI convictions offered by the state to support a charge of felony DUI pursuant to I.C. §§ 18-8004 and 18-8005. Weber challenged the validity of his prior convictions on the basis that his guilty pleas were obtained in violation of I.C.R. 11(c) and constitutional standards intended to ensure that guilty pleas are knowing and voluntary. The Court first noted the United States Supreme Court's holding in *Custis* that, with the sole exception of convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no constitutional right to collaterally attack the validity of previous state convictions used to enhance a sentence. *Weber*, 140 Idaho at 92-93, 90 P.3d at 317-18. The Court also highlighted the policy considerations of ease of administration and finality of judgments that supported the holding in *Custis*. *Weber*,

4

140 Idaho at 93, 90 P.3d at 318. The Court concluded that Weber had no right under the United States Constitution to collaterally attack the validity of his misdemeanor DUI convictions because his attack was based on grounds other than the denial of counsel. *Id.* at 94, 90 P.3d at 319.

The Court also noted that, while Weber had not cited a provision in the Idaho Constitution to establish a greater right than that afforded by the United States Constitution, the Court had never set forth a distinction between the rights afforded a defendant prior to entering a guilty plea under the Idaho Constitution and those afforded by the United States Constitution. The Court further noted that it had never set forth any distinction regarding the respective burdens of proof for a constitutional challenge to a prior conviction used to enhance a DUI from a misdemeanor to a felony. The Court explained that a survey of case law from other jurisdictions indicated that other states declined to extend the right to collaterally attack prior convictions beyond what is mandated by the United States Constitution or specifically provided for by statute. *Id.* The Court stated that a defendant in Weber's position may challenge the validity of his or her conviction through direct appeal and post-conviction relief proceedings. The Court concluded that Idaho trial courts are not required to conduct a preliminary hearing into the validity of a prior conviction offered to prove felony DUI unless an attack regarding such validity is provided by statute or is a constitutional attack premised on a denial of counsel. *Id.* at 96, 90 P.3d at 321. Finally, the Court overruled two prior decisions to the extent that those decisions appeared to provide a basis for a defendant to collaterally attack the validity of prior DUI convictions on grounds other than denial of the right to counsel. *Id.* Accordingly, pursuant to Idaho law, Schwab cannot collaterally attack the validity of the Montana conviction used to enhance his DUI in this case from a misdemeanor to a felony unless such attack is provided by statute or based on denial of the right to counsel.

B.    **Constitutional Challenges**

Schwab asserts that his Montana conviction was obtained in violation of his right to counsel and that this Court should read the Idaho Constitution to allow him to collaterally attack his conviction based on denial of the right to be present at trial. When a violation of a constitutional right is asserted, we accept the trial court's factual findings unless they are clearly erroneous, but freely review whether constitutional requirements have been satisfied in light of the facts found. *State v. Hooper*, 145 Idaho 139, 142, 176 P.3d 911, 914 (2007); *State v.*

*Bromgard*, 139 Idaho 375, 380, 79 P.3d 734, 739 (Ct. App. 2003). Also, this Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). In *State v. Coby*, 128 Idaho 90, 92, 910 P.2d 762, 764 (1996), the Idaho Supreme Court set forth the respective burdens for a constitutional challenge to a prior conviction used to enhance a DUI charge from a misdemeanor to a felony. The state bears the burden of making a prima facie showing of the validity of a prior conviction used to enhance a pending crime. *Id*. Thus, the state must first establish the existence of the prior convictions on which the state is relying for enhancement purposes. *Id.* This burden requires only that the state produce the judgments of conviction or other evidence of the existence of the convictions. *Id*. Once the state meets that burden, the burden of going forward with proof that the conviction was constitutionally defective is placed on the defendant. *Id*. Accordingly, the defendant must produce evidence establishing a constitutional challenge to the validity of the judgments on which the state relies. *Id*. The state must then prevail on its claim of the validity of the prior judgments. *Id*.

Here, Schwab does not allege that the state failed to establish a prima facie showing of the existence of Schwab's Montana conviction. The district court determined, and the state admits that, by an affidavit Schwab filed in support of his motion in limine, he met his burden to establish a constitutional challenge to the validity of such conviction. Accordingly, the burden shifted to the state to prevail on its claim of the validity of Schwab's Montana conviction.

After a hearing on Schwab's motion in limine, the district court determined that Schwab's Montana conviction was valid. In the order denying Schwab's motion, the district court explained that the factual basis for the decision was based on the Montana court records, Schwab's affidavit, an affidavit filed by the Montana prosecuting attorney assigned to Schwab's case, and records of the Idaho Department of Transportation. These documents show that, when Schwab was arrested in Montana for DUI, he did not have a valid driver's license and provided the officer with an address in Fairfield, Idaho. After his bond was posted, Schwab appeared at his arraignment. Schwab signed a statement of constitutional rights that indicated he had the right to be represented by an attorney at every critical stage of the proceedings and that, if he was unable to hire an attorney, one would be appointed to represent him if he qualified. Schwab averred that, at the arraignment, he informed the trial court of his desire to hire a private attorney,

6

received permission from the trial court to leave Montana for work purposes, and provided the trial court with his address in Fairfield. However, in the affidavit filed in support of the state's objection to Schwab's motion in limine, the Montana prosecuting attorney averred that, at the arraignment, Schwab specifically provided the trial court with an address in Boise. This Boise address appears on the notice to appear and complaint. While Schwab averred that he believed the Boise address was the address on his driver's license, the certified copies of Schwab's Idaho driving records submitted by the state do not indicate a Boise address.

Schwab further averred that, after the arraignment, he contacted three attorneys, but discovered he could not afford to hire any of them. There is no evidence that Schwab subsequently contacted the Montana court to request appointment of counsel or indicate that he intended to proceed pro se. However, Schwab also averred that, after he realized he could not afford an attorney, the prosecuting attorney called him and offered to reduce the DUI charge to inattentive driving if Schwab would plead guilty to such charge. Schwab averred that the prosecuting attorney told him if he agreed, he would not have to travel back and forth to Montana and she would take care of the paperwork. Schwab also averred that he agreed to the plea deal and asked the prosecuting attorney to mail any official paperwork to his address in Fairfield. Based on the information Schwab received from the prosecuting attorney, Schwab averred that he believed his case was resolved and he continued to work outside of Montana. However, the prosecuting attorney averred that she did not contact Schwab to offer him a plea deal and would not have done so. Specifically, the prosecuting attorney averred that Montana does not have a charge for inattentive driving, she did not have discovery materials when Schwab claimed she contacted him and would not have considered an offer until receipt of such, and she would not tell Schwab not to appear in court because the judge in Schwab's case would not allow a change of plea without a defendant's personal contact with the judge.

In this case, the district court found that a Montana bench warrant had been issued for Schwab's arrest because he failed to appear at his omnibus hearing--the equivalent of a pretrial hearing--as ordered by the court. The district court also found that a notice of trial was sent to Schwab's Boise address informing Schwab of his trial date and that his personal presence was required. Thereafter, Schwab failed to appear at his trial, which proceeded without the presence of Schwab or counsel, and Schwab was found guilty of DUI. The district court in this case further determined that the Montana notice of trial was returned to the trial court with a stamp

7

indicating that the premises were vacant and the notice could not be forwarded. Schwab averred that he did not receive notice of his trial date at the Fairfield address he provided to the trial court and, had he known of the trial date, he would have appeared in person and asked that counsel be appointed to represent him. Finally, Schwab averred that he never waived his right to be represented by counsel or asked to proceed pro se.

### 1. Right to be present at trial

In the order denying Schwab's motion in limine, the district court first addressed Schwab's claim that he was denied the right to be present at trial. The district court explained that the Ninth Circuit and the Montana Supreme Court have held that a criminal defendant may waive his or her right to be present at trial by conduct. *See United States v. Houtchens*, 926 F.2d 824 (9th Cir. 2001); *State v. Weaver*, 179 P.3d 534 (Mont. 2008). In *Weaver*, the state sought to use a prior DUI conviction to enhance Weaver's DUI charge to a felony. Weaver acknowledged that, in Montana, a trial court may try a defendant in absentia on a misdemeanor charge only after finding that the defendant had knowledge of the trial date and was voluntarily absent. Weaver asserted that there was no such finding in the record. Weaver also argued that use of the prior conviction was unconstitutional because he had been tried in absentia in violation of his right to be present at the proceedings and that any waiver of that right had to be knowing, voluntary, and specific. On direct examination, Weaver testified that he did not have notice of the trial date related to his prior conviction and, therefore, the burden shifted to the state to provide direct evidence that the prior conviction was not entered in violation of Weaver's rights.

In determining that the state met its burden, the Montana Supreme Court found that the evidence showed Weaver either knew of the trial date and was willfully absent or kept himself deliberately ignorant of the trial date. The *Weaver* court agreed with the sentiment expressed by the Ninth Circuit in *Houtchens*, 926 F.2d at 827-28 that, where a defendant's failure to know of a continued trial date is directly attributable to his or her efforts to keep deliberately ignorant of that date, he or she will not be heard later to complain about a lack of knowledge. *Weaver*, 179 P.3d at 540. The *Weaver* court also noted that the trial court ultimately found Weaver's assertions concerning his lack of knowledge not to be credible. Thus, the *Weaver* court concluded that, because the district court's determination that Weaver waived his right to be present at trial by willful absence or deliberate ignorance of the trial date was not clearly erroneous, the prior conviction could be used to support a charge of felony DUI. *Id.* at 540-41.

8

The district court in this case found that Schwab intentionally provided an incorrect mailing address to the trial court because, while Schwab averred that he never provided the Boise address to the trial court and the address must have come from his driver's license, the state showed through Schwab's driving records that no Boise address was ever listed on his license. Further, the district court determined that it was reasonable to conclude that the only way the Montana trial judge could have obtained the Boise address was from Schwab's initial appearance and, therefore, when the Montana court mailed notice of the trial date, Schwab did not receive it because he intentionally provided a false address. Thus, the district court in this case concluded that Schwab's failure to know of his trial date was directly attributable to his efforts to keep himself deliberately ignorant by providing a false address. The district court found that Schwab's credibility was undermined by the affidavit of the Montana prosecuting attorney and that Schwab's claim was unpersuasive that he did not further appear in Montana because he was offered a plea deal. Therefore, the district court concluded that, by keeping himself deliberately ignorant of his trial date, Schwab waived his right to be present at trial.

We conclude that the Idaho Constitution provides no right for Schwab to collaterally attack his Montana conviction for violation of his right to be present at trial. Schwab could have challenged the validity of his Montana conviction through direct appeal or post-conviction relief proceedings in Montana. No additional mechanism for attacking the validity of Schwab's Montana conviction is therefore necessary, especially one that deprives the Montana court judgment of its normal force and effect in a proceeding with an independent purpose other than to overturn that prior judgment. *See Weber*, 140 Idaho at 96, 90 P.3d at 321; *Warren*, 135 Idaho at 841, 25 P.3d at 864. The policy considerations of ease of administration and finality of judgments support this determination. *See Custis*, 511 U.S. at 497.

Even assuming we could consider Schwab's claim that he was denied the right to be present at his Montana trial, we agree with the district court's determination that, in accordance with case law from the Ninth Circuit and Montana Supreme Court, a criminal defendant may waive his or her right to be present at trial and such waiver may be made by a defendant's efforts to remain deliberately ignorant of a trial date. Accordingly, because the district court found that Schwab's averments lacked credibility and that Schwab kept himself deliberately ignorant of his trial date by providing a false mailing address to the Montana court, Schwab waived his right to be present at his Montana trial. Thus, the district court did not err by concluding that Schwab

9

could not challenge the validity of his Montana DUI conviction on the ground that he was denied the right to be present at trial.

## 2. Right to counsel

Schwab further asserts that he was denied the right to counsel because he did not have knowledge of his Montana trial date. Schwab alleges that he was convicted in an uncounseled trial in which he never waived his right to counsel and was never informed of the dangers of self-representation. The district court in this case noted that courts have recognized the constitutionality of allowing a defendant to waive such right by conduct. *See Jackson v. State*, 868 N.E.2d 494 (Ind. 2007); *State v. Roberson*, 675 S.E.2d 732 (S.C. 2009). In *Jackson*, the defendant appeared at a scheduling conference, advised the court he would be hiring an attorney, and was given a trial date. When he failed to appear for trial, he was tried in abstentia. The court determined that Jackson waived his right to counsel because he repeatedly disregarded scheduled events, failed to appear at trial, failed to notify the court of his inability to retain counsel, and failed to request a continuance. *Jackson,* 868 N.E.2d at 499. The court also determined that Jackson waived his right to be advised of the dangers of self-representation because he never gave the court any indication that he intended to proceed pro se. *Id.* at 497-98. In *Roberson*, the defendant was arrested, advised of his trial date, signed a bond form stating he was advised of the trial date, was sent two notices to appear for court, but never appeared for trial. The court inferred that Roberson waived his right to counsel by disregarding the instructions of the court and his inexcusable absence from trial. *Roberson*, 675 S.E.2d at 733.

After citing to *Jackson* and *Roberson*, the district court in this case reiterated that Schwab was informed at his arraignment of his right to counsel and that, if he was unable to hire an attorney, one would be appointed to represent him if he qualified. Based on the Montana bench warrant, the district court found that Schwab failed to appear at his omnibus hearing as ordered by the Montana court. The district court further found that Schwab failed to appear at his trial after the Montana court sent notice of the trial date to the false address Schwab provided. The district court also found that Schwab never returned to the trial court to inform the trial judge that he did not have private counsel or could not afford one. Additionally, the district court determined that, because Schwab never gave the Montana court any indication that he intended to proceed without counsel, the trial court was relieved of its duty to inform Schwab of the risks

10

of proceeding pro se. Thus, the district court concluded that Schwab's Montana conviction was not obtained in violation of his right to counsel.

We agree with the district court's determination that a defendant may waive the right to counsel by conduct and also relieve the trial court of its duty to inform a defendant of the risks of proceeding pro se. While the Sixth Amendment guarantees a defendant the right to counsel, and court-appointed counsel if indigent, a defendant cannot use this right to play a cat-and-mouse game with the court or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel. *United States v. Murphy*, 469 F.3d 1130, 1135 (7th Cir. 2006); *United States ex rel. Davis v. McMann*, 386 F.2d 611, 618-19 (2d Cir. 1967); *see also Relerford v. United States*, 309 F.2d 706, 708 (9th Cir. 1962) (noting that the constitutional guarantee of the right of a defendant to have the assistance of counsel cannot be turned into a weapon whereby a defendant can prevent his or her case from ever being brought to trial).

By providing a false address to the Montana court, failing to contact the trial court when he discovered he could not afford private counsel and failing to appear at the omnibus hearing and trial as ordered, Schwab disregarded scheduled events and instructions of the trial court, failed to notify the trial court of his inability to retain counsel, and was inexcusably absent from trial. Schwab undertook a fraudulent stratagem to place the Montana court in a position where, by proceeding with trial, Schwab gained the ability to attack his conviction on the basis of an apparent denial of counsel. By such conduct, Schwab waived his right to counsel at trial. Also, the Montana trial court was relieved of its duty to inform Schwab of the dangers of self-representation because, as in *Jackson*, Schwab did not inform the trial court that he intended to proceed pro se. Therefore, the district court did not err by concluding that Schwab could not challenge the validity of his Montana DUI conviction on the ground that he was denied the right to counsel at trial.

## III.

## CONCLUSION

Schwab may not attack the validity of his 2008 Montana DUI conviction used to enhance his DUI in this case from a misdemeanor to a felony unless such attack is provided by statute or based on denial of the right counsel. Schwab cites to no statute to support such an attack. Even assuming that Schwab could collaterally attack his Montana conviction based on denial of the

right to be present at trial, Schwab waived such right by his conduct. Schwab also waived his right to counsel at trial by his conduct. Accordingly, the district court did not err by concluding that Schwab's Montana conviction was not entered in violation of his constitutional rights and, therefore, by denying Schwab's motion in limine. Schwab's judgment of conviction for felony DUI is affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**