**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Derrick D. Dupree, Appellant.

Appellate Case No. 2014-002442

---

Appeal From Marlboro County
Michael G. Nettles, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-442
Submitted September 1, 2016 – Filed October 26, 2016

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Faretta v. California*, 422 U.S. 806, 819-20 (1975) (holding the Sixth

Amendment of the United States Constitution implicitly guarantees a criminal defendant the right to proceed to trial pro se); *id.* at 835 (providing a criminal defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open'" (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942))); *Prince v. State*, 301 S.C. 422, 424, 392 S.E.2d 462, 463 (1990) ("*Faretta* requires the accused be: (1) advised of his right to counsel; and (2) adequately warned of the dangers of self-representation."); *Faretta*, 422 U.S. at 835-36 ("The trial judge had warned Faretta that he thought it was a mistake not to accept the assistance of counsel, and that Faretta would be required to follow all the 'ground rules' of trial procedure. We need make no assessment of how well or poorly Faretta had mastered the intricacies of the hearsay rule and the California code provisions that govern challenges of potential jurors on voir dire. For his technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself." (footnotes omitted)).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.