# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Robert Osbey, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-001038

---

## ON WRIT OF CERTIORARI

---

Appeal from Spartanburg County
J. Derham Cole, Plea Court Judge
Edward W. Miller, Post-Conviction Relief Judge

---

Opinion No. 27866
Submitted November 15, 2018 – Filed March 6, 2019

---

## REVERSED

---

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, and Assistant
Attorney General Jordan Adraine Cox, both of Columbia,
for Respondent.

---

**JUSTICE FEW:** Robert Osbey pled guilty to criminal charges without counsel. He later applied for post-conviction relief (PCR) on the ground he did not waive his right to counsel. We reverse the denial of his PCR claim because the record does not reflect a valid waiver of Osbey's right to counsel. In particular, the plea court

did not ensure Osbey was aware of the dangers of self-representation. We remand to the court of general sessions for a new trial.

## I.  Facts and Procedural History

The State charged Osbey with two counts of trafficking in cocaine base and one count of possession with intent to distribute cocaine base. The charges stem from two incidents in which Osbey allegedly sold crack cocaine to a confidential informant. Osbey pled guilty almost a year after his arrest, without counsel. The plea court informed him of his right to counsel, and noted Osbey had previously been informed by a court official on three separate occasions that if he wanted to have a public defender appointed he would have to contact the public defender's office and submit an application. The plea court then asked, "Did you knowingly and intelligently make the decision not to have a lawyer assist you?" Osbey responded, "No, sir. I was trying to get one." Osbey explained he went to the public defender's office the week before but was told it was too late.

The plea court ruled,

> I find . . . that you have knowingly waived your right to counsel by your conduct, having known and been advised that you could have an appointed lawyer but you needed to contact the public defender's office so that they could accept your application. And in a year's time . . . you failed to do that. So, you have waived your right to counsel.

Osbey pled guilty to his charges, and the plea court sentenced him to eight years in prison, followed by three years of probation. Osbey did not appeal.

Osbey filed a PCR application on the ground he "did not knowingly and voluntarily waive his right to counsel." At the PCR hearing, Osbey's PCR counsel stated, "This was a pro se plea . . . , but there was nothing on the record that Mr. Osbey was warned about the dangers of self-representation . . . . There is no evidence he had sufficient understanding for his actions to amount to a knowing and voluntary waiver of counsel." The PCR court found "the plea judge was correct in finding [Osbey] knowingly and voluntarily waived his right to counsel." We granted Osbey's petition for a writ of certiorari.

## II.  Analysis

A defendant in a criminal case "has the right to the assistance of counsel."  *State v. Justus*, 392 S.C. 416, 419, 709 S.E.2d 668, 670 (2011) (citing U.S. CONST. amend. VI; *Gideon v. Wainwright*, 372 U.S. 335, 340-41, 83 S. Ct. 792, 794, 9 L. Ed. 2d 799, 802-03 (1963)).  The defendant may waive his right to counsel, but he must do so knowingly and intelligently.  *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562, 581 (1975).  For a knowing and intelligent waiver to occur, the defendant must be "(1) advised of his right to counsel; and (2) adequately warned of the dangers of self-representation."  *Prince v. State*, 301 S.C. 422, 423-24, 392 S.E.2d 462, 463 (1990) (citing *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541, 45 L. Ed. 2d at 581-82).  A defendant may waive counsel "by an affirmative, verbal request," or a defendant's actions may constitute a "waiver by conduct."  *State v. Roberson*, 382 S.C. 185, 187, 675 S.E.2d 732, 733 (2009).

The plea court found Osbey waived his right to counsel "by [his] conduct" because Osbey did not seek counsel after being told three separate times he needed to contact the public defender's office.[1]  By definition, "A waiver is a voluntary and intentional

---

[1] We understand the plea court's frustration with Osbey's dilatory conduct in failing to obtain counsel.  In numerous cases, we have recognized a defendant may be found to have waived his right to counsel when it is clear to the court the defendant knew his unreasonable delays could result in a waiver.  In *State v. Jacobs*, 271 S.C. 126, 245 S.E.2d 606 (1978), for example, we stated the trial court "had done all it could do to urge [the defendant] to" retain counsel, but the defendant refused.  271 S.C. at 127, 245 S.E.2d at 607.  After examining the defendant's actions, we "conclude[d] that, by his conduct, appellant waived his right to counsel."  271 S.C. at 127-28, 245 S.E.2d at 607-08 (citing *United States v. Arlen*, 252 F.2d 491, 494 (2d Cir. 1958)).  Relying on *Arlen*, we found the defendant knew the consequences of his actions—that if he did not obtain counsel in a timely manner he would lose his right to counsel—and we found he chose to forego counsel.  271 S.C. at 128, 245 S.E.2d at 608 (for clarification of our finding, *see Arlen*, 252 F.2d at 494 (holding "where a defendant . . . has been advised by the court that he must retain counsel by a certain reasonable time . . . the court may treat his failure to provide for his own defense as a waiver of his right to counsel")); *see also United States v. Goldberg*, 67 F.3d 1092, 1100 (3d Cir. 1995) (discussing "waiver by conduct," and stating, "Once a defendant has been warned that he will lose his attorney if he engages in dilatory tactics, any misconduct thereafter may be treated as an implied request to proceed pro se and, thus, as a waiver of the right to counsel."); *Com. v. Means*, 907 N.E.2d 646, 658

abandonment or relinquishment of a known right." *Sanford v. S.C. State Ethics Comm'n*, 385 S.C. 483, 496, 685 S.E.2d 600, 607 (citing *Eason v. Eason,* 384 S.C. 473, 480, 682 S.E.2d 804, 807 (2009)), *opinion clarified on other grounds*, 386 S.C. 274, 688 S.E.2d 120 (2009). "Waiver requires a party to have known of a right and known that right was being abandoned." 385 S.C. at 496-97, 685 S.E.2d at 607. Any waiver, therefore, including a waiver of counsel "by conduct," must be knowing and intelligent. For a waiver to be "knowing and intelligent," the defendant "should be made aware of the dangers and disadvantages of self-representation." *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541, 45 L. Ed. 2d at 581-82; *Prince*, 301 S.C. at 423-24, 392 S.E.2d at 463. The *Faretta* and *Prince* requirement applies to any waiver, whether the waiver is alleged to be by "affirmative, verbal request" or "by conduct." *See Goldberg*, 67 F.3d at 1100, 1101 (requiring *Faretta* warnings for a valid waiver by conduct); *State v. Jones*, 772 N.W.2d 496, 505 (Minn. 2009) ("The same colloquy required for affirmative waivers must also be given before a defendant can be said to have waived his right to counsel by conduct." (citing *Goldberg*, 67 F.3d at 1100)).

In *Gardner v. State*, 351 S.C. 407, 570 S.E.2d 184 (2002), this Court held the *Faretta* and *Prince* requirement of warning the defendant of the dangers of self-representation applies to waiver by conduct. The PCR court found the petitioner's conduct amounted to a waiver of his right to counsel. 351 S.C. at 410, 570 S.E.2d at 185. We explained the petitioner knew he might lose his right to counsel if he failed to obtain counsel prior to his guilty plea. 351 S.C. at 410-11, 570 S.E.2d at 185-86. We reversed, however, finding, "Petitioner was not adequately apprised of the dangers of self-representation." 351 S.C. at 412, 570 S.E.2d at 186.

In this case, the plea court did not mention to Osbey the dangers of self-representation. When this happens, we look to the record to determine if it shows the factual basis for the waiver. *See, e.g.*, *Gardner*, 351 S.C. at 412, 570 S.E.2d at 186 ("In a PCR action, if the record fails to demonstrate the petitioner made an informed choice to proceed pro se, with 'eyes open,' then the petitioner did not make a knowing and voluntary waiver of counsel, and the case should be remanded for a new trial."); *Prince*, 301 S.C. at 424, 392 S.E.2d at 463 (finding no valid waiver because the record "[did] not demonstrate petitioner was sufficiently aware of the dangers of self-representation"). Osbey has two prior convictions for possession with intent to distribute cocaine base. He also violated his probation in 2004 and

---

(Mass. 2009) ("The key to waiver by conduct is misconduct occurring *after an express warning has been given* to the defendant about the defendant's behavior and the consequences of proceeding without counsel.").

violated parole in 2007. There is nothing else in the record to indicate Osbey was aware of the dangers of representing himself. We find this is an insufficient basis on which to find Osbey actually understood the dangers of self-representation.

The State argues, relying on *Roberson*, a defendant need not be warned of the dangers of self-representation in a waiver by conduct case, only when the defendant expressly asserts his right to self-representation. In *Roberson*, this Court held the defendant waived his right to counsel by his conduct even though he was not warned of the dangers of self-representation. 382 S.C. at 188, 675 S.E.2d at 734. We found "both *Prince* and *Faretta* inapplicable" because those cases "addressed defendants who elected self-representation." 382 S.C. at 188, 675 S.E.2d at 733. Today, we cannot reconcile our statement in *Roberson* that *Faretta* and *Prince* are inapplicable to a waiver by conduct case with the clear and unmistakable authority discussed above—including *Gardner*—that they are applicable. Perhaps the result of *Roberson* can be justified on the basis of forfeiture.[2] However, to the extent *Roberson* is in conflict with the requirement that the defendant's knowledge and understanding of the dangers of self-representation is a necessary predicate to any waiver of counsel, we overrule it.

### III. Conclusion

Osbey did not waive his right to counsel by conduct because Osbey was not warned of the dangers of self-representation. The decision of the PCR court is **REVERSED** and the case is remanded to the court of general sessions for a new trial.

**BEATTY, C.J., KITTREDGE and HEARN, JJ., concur. JAMES, J., concurring in a separate opinion in which KITTREDGE, J., concurs.**

---

[2] *See State v. Thompson*, 355 S.C. 255, 267, 584 S.E.2d 131, 137 (Ct. App. 2003) ("A defendant can forfeit his right to counsel irrespective of his knowledge of . . . the dangers of self-representation." (citing *Goldberg*, 67 F.3d at 1100)); *but see United States v. Ductan*, 800 F.3d 642, 651 (4th Cir. 2015) ("a defendant may forfeit his right to counsel . . . only in truly egregious circumstances"); *State v. Roberson*, 371 S.C. 334, 338, 638 S.E.2d 93, 95 (Ct. App. 2006) ("The record is devoid of any egregious misconduct on the part of Roberson to warrant the drastic sanction of forfeiture of the right to counsel."), *rev'd*, 382 S.C. 185, 675 S.E.2d 732.

**JUSTICE JAMES:** I concur with the reasoning of the majority, but I write separately to point out practical issues facing the circuit court when the unrepresented defendant appears for plea or trial.

The deeper problem facing the circuit court in any given case is that there is typically no clear way to verify whether *Faretta* warnings have ever been given to the unrepresented defendant. Perhaps the ideal time for giving *Faretta* warnings to the unrepresented defendant would be during either the defendant's first appearance or second appearance. However, first appearances are typically conducted with neither a judge nor a court reporter being present; therefore, even if the warnings were then given, there would be no record they were then given or by whom they were given. Second appearances are usually conducted in the presence of a circuit judge, but more often than not, a court reporter is not present. Therefore, there is typically no record of the warnings being given during a second appearance. Even if a court reporter was present during a first appearance, a second appearance, or during some other transcribed proceeding, there would be no occasion for a transcript to be requested or typed until the time for appeal or the commencement of a PCR application. That is of no help to the circuit judge before whom the defendant appears for an imminent trial or plea. If, immediately prior to trial or plea, the unrepresented defendant claims he was not given *Faretta* warnings or does not recall if he was given the warnings, it would likely not be appropriate for the trial or plea judge to receive testimony of the solicitor on the point.

In *Wroten v. State*, we observed, "While a specific inquiry by the trial judge expressly addressing the disadvantages of a *pro se* defense is preferred, the ultimate test is not the trial judge's advice but rather the defendant's understanding. . . . If the record demonstrates the defendant's decision to represent himself was made with an understanding of the risks of self-representation, the requirements of a voluntary waiver will be satisfied." 301 S.C. 293, 294, 391 S.E.2d 575, 576 (1990) (citing *Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1065 (11th Cir. 1986)). Consequently, the trial judge (or plea judge) has the ultimate responsibility of warning the unrepresented defendant of the dangers of self-representation immediately before the trial or plea is to begin. That paves the way for the dilatory defendant to manipulate the process for further delay, because the trial judge or the plea judge does not become involved until the tail end of the prosecution. Perhaps the most efficient way for this problem to be avoided is for the solicitor, when it becomes apparent a plea or trial is imminent, to bring the unrepresented defendant before the circuit court for the stated purpose of curing

any *Faretta* ills.  Even that approach would invite further dilatory conduct by the defendant.

There are obvious practical barriers to ascertaining whether an unrepresented defendant has been warned of the dangers of self-representation.  However, the law requires the defendant to be so warned, and the majority correctly concludes there is no proof Osbey was so warned.  The majority also correctly concludes there is no proof of waiver by conduct.  Here, we have no choice but to reward Osbey with post-conviction relief, even though he, an experienced criminal defendant, was advised he could apply for a public defender several times, beginning almost one year before he pled guilty.  I reluctantly concur.

**KITTREDGE, J., concurs.**