**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Johnny Haggins, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2022-000176

_____

Appeal From Lee County
Diane Schafer Goodstein, Circuit Court Judge

_____

Unpublished Opinion No. 2025-UP-128
Heard December 4, 2024 – Filed April 16, 2025

_____

**REVERSED AND REMANDED**

_____

Appellate Defender Jordan Millen Wayburn and
Appellate Defender Jessica M. Saxon, both of Columbia,
for Petitioner.

Assistant Attorney General Joshua Abraham Edwards, of
Columbia, for Respondent.

_____

**PER CURIAM:** Johnny Haggins appeals the denial of his application for post-conviction relief (PCR) challenging his convictions and sentences for domestic violence of a high and aggravated nature (DVHAN), first-degree assault and battery, and conspiracy. On appeal, Haggins argues the PCR court erred by (1)

dismissing his constitutional challenges because such claims are cognizable under the PCR Act and (2) failing to grant relief when he was improperly tried in absentia and without counsel. We reverse and remand to the court of general sessions for a new trial.

1. We reverse the PCR court's determination that Haggins's claims were direct appeal issues that were not cognizable in a PCR proceeding.[1] A reviewing court "defer[s] to a PCR court's findings of fact and will uphold them if there is evidence in the record to support them." *Smalls v. State*, 422 S.C. 174, 180, 810 S.E.2d 836, 839 (2018). However, questions of law are reviewed de novo, "with no deference to trial courts." *Id.* at 180-81, 810 S.E.2d at 839. "In a PCR proceeding, a defendant collaterally attacks his conviction and may raise any claims of constitutional violations relating to his conviction." *Williams v. Ozmint*, 380 S.C. 473, 477, 671 S.E.2d 600, 601 (2008). "A person who has been convicted of a crime can initiate a PCR proceeding when he alleges his conviction or sentence violated either the United States Constitution or South Carolina Constitution." *Jones v. State*, 440 S.C. 14, 23-24, 889 S.E.2d 590, 596 (2023); *see also* S.C. Code Ann. § 17-27-20(A)(1) (2014) (explaining that "[a]ny person who has been convicted of, or sentenced for, a crime and who claims . . . [t]hat the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this State" may institute a PCR action). "[I]n most instances, a PCR claim is properly presented as a Sixth Amendment claim for ineffective assistance of counsel." *Fortune v. State*, 428 S.C. 545, 558, 837 S.E.2d 37, 44 (2019). "In some circumstances, however, an inmate may present a claim for PCR based on constitutional violations other than ineffective assistance of counsel." *Id.* at 559, 837 S.E.2d at 44 (holding petitioner's claim that "the assistant solicitor's misconduct violated his right to due process and his right to counsel" was "a claim not based on ineffective assistance of counsel [that] is cognizable for PCR").

We note that "post-conviction hearing statutes do not afford relief in the case of alleged errors for which remedies were available before and during the original trial, or by review on motion for a new trial or on appeal." *Simmons v. State*, 264 S.C. 417, 423, 215 S.E.2d 883, 885 (1975). However, we find Haggins's case is one of the exceptions to the general rule. *See Fortune*, 428 S.C. at 559, 837 S.E.2d at 44. Haggins was not represented by counsel at his trial or sentencing, and no objections were made; thus, his claims could not have been

---

[1] The State conceded at oral argument that the issues raised in this case were appropriate for PCR.

presented for direct appellate review. *See Simmons*, 264 S.C. at 423, 215 S.E.2d at 885 ("Errors in a petitioner's trial *which could have been reviewed on appeal* may not be asserted for the first time, or reasserted, in post-conviction proceedings." (emphasis added)); *Gibson v. State*, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998) ("A petitioner may allege constitutional violations in PCR proceedings . . . unless the issue *could have been raised by direct appeal*." (emphasis added)). Accordingly, the "full extent" of any potential constitutional violations of Haggins's rights to notice and to be present for trial were reviewable only as PCR claims for due process violations pursuant to section 17-27-20(A)(1). *See Fortune*, 428 S.C. at 559, 837 S.E.2d at 44; *see also, e.g.*, *Jones*, 440 S.C. at 24, 889 S.E.2d at 596 (explaining Jones properly raised a constitutional challenge to a statute in his PCR action because he could not have raised the issue during his guilty plea).

2.  We note that the PCR court included a footnote in its order finding that the issue of whether Haggins "was denied his right to counsel" was not raised, but nonetheless ruling that such a claim would fail on the merits because Haggins had forfeited his right to counsel. The State argues these issues are not preserved. However, Haggins pled in his application that he was denied his right to be present at trial, the trial court erred by trying and sentencing him in absentia without proper notice, he was denied a fair opportunity to present a defense with the help of a lawyer, and he did not sign a waiver to represent himself. Further, there was testimony regarding these issues—at least regarding trial—at the PCR hearing. Therefore, it is unclear to us whether the PCR court's footnote pertains to Haggins's allegations regarding both trial and sentencing or sentencing only, and Haggins did not file a Rule 59(e), SCRCP motion, to clarify the ruling or request reconsideration. Accordingly, we believe "[i]t cannot be said [Haggins's] arguments are preserved," but "it also cannot be said that [his] arguments are clearly unpreserved." *Johnson v. Roberts*, 422 S.C. 406, 412, 422 S.E.2d 207, 210 (Ct. App. 2018). "In these situations, 'where the question of issue preservation is subject to multiple interpretations, any doubt should be resolved in favor of preservation.'" *Id.* (quoting *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 333, 730 S.E.2d 282, 287 (2012) (Toal, C.J., concurring in result in part and dissenting in part)); *see also Fishburne v. State*, 427 S.C. 505, 516, 832 S.E.2d 584, 589 (explaining that "because the United States Constitution's Sixth Amendment guarantee to a defendant's right to effective assistance of counsel is engrained in PCR cases, we cannot continue to permit a party's procedural shortcoming—such as the failure to file a Rule 59(e) motion—to prevent" appellate courts from relaxing preservation rules in exceptional circumstances);

*Moses v. State*, 442 S.C. 263, 271, 898 S.E.3d 174, 178 (Ct. App. 2004) ("Only under extraordinary circumstances—such as when a PCR court fails to make sufficiently specific findings of fact—do the interests of justice permit a court to reach unpreserved issues."); *Mangal v. State*, 421 S.C. 85, 99, 805 S.E.2d 568, 575 (2017) ("[T]he interests of justice require . . . courts to be flexible with procedural requirements before PCR applicants suffer procedural default on substantial claims."); *State v. Moore*, 343 S.C. 282, 288 n. 5, 540 S.E.2d 445, 448 n. 5 (2000) (declining to remand for a hearing on the reliability of an identification after the court determined the show up procedure was unduly suggestive as a matter of law because "a remand would serve no useful purpose" when a full hearing had already been held); *State v. Cash*, 304 S.C. 223, 224-25, 403 S.E.2d 632, 634 (1991) (stating a remand is the usual procedure "when the record fails to show a knowing and intelligent waiver of the right to counsel" except "in extraordinary cases" where "it would be almost impossible to find a knowing and intelligent waiver of the rights to counsel even if a . . . hearing were ordered").

3. Accordingly, we turn to the merits of Haggins's claims that he was tried in absentia and without counsel in violation of his constitutional rights. As to the merits of Haggins's claim that he was improperly tried in absentia and without counsel, we reverse the PCR court's denial of relief. A reviewing court "defer[s] to a PCR court's findings of fact and will uphold them if there is evidence in the record to support them." *Smalls*, 422 S.C. at 180, 810 S.E.2d at 839. However, questions of law are reviewed de novo, "with no deference to trial courts." *Id.* at 180-81, 810 S.E.2d at 839.

"This court has explained that 'a defendant may surrender his right to counsel through (1) waiver by affirmative, verbal request; (2) waiver by conduct; and (3) forfeiture.'" *State v. Fairey*, 374 S.C. 92, 103, 646 S.E.2d 445, 450 (Ct. App. 2007) (quoting *State v. Thompson*, 355 S.C. 255, 262, 584 S.E.2d 131, 134 (Ct. App. 2003)). "By definition, "[a] waiver is a voluntary and intentional abandonment or relinquishment of a known right." *Osbey v. State*, 425 S.C. 615, 619, 825 S.E.2d 48, 50 (2019) (quoting *Sanford v. S.C. State Ethics Comm'n*, 385 S.C. 483, 496, 685 S.E.2d 600, 607 (2009)). Therefore, when a defendant waives his right to counsel, "he must do so knowingly and intelligently." *Id.* at 618-19, 825 S.E.2d at 50. "For a knowing and intelligent waiver to occur, the defendant must be '(1) advised of his right to counsel; and (2) adequately warned of the dangers of self-representation.'" *Id.* at 619, 825 S.E.2d 50 (quoting *Prince v. State*, 301 S.C. 422, 423-24, 392 S.E.2d 462, 463 (1990)). The "requirement of warning the defendant of the dangers of self-

representation applies to waiver by conduct." *Id.* at 620, 825 S.E.2d at 51. "[C]ourts indulge every reasonable presumption against waiver of fundamental constitutional rights, and do not presume acquiescence in the loss of fundamental rights." *Thompson*, 355 S.C. at 262, 584 S.E.2d at 134.

However, "[a] defendant can forfeit his right to counsel irrespective of his knowledge of either the consequences of his actions or the dangers of self-representation." *Id.* at 267, 584 S.E.2d at 137. "[B]ecause of the drastic nature of the sanction, forfeiture would appear to require extremely dilatory conduct." *Id.* (quoting *U.S. v. Goldberg*, 67 F.3d 1092, 1100 (3d Cir. 1995)). "Situations where a defendant's own conduct forfeits his right to counsel are unusual, typically involving a manipulative or disruptive defendant." *Id.* Forfeiture "is a drastic consequence, requiring more than absence from trial." *Id.* at 269, 584 S.E.2d at 138

In this case, the record is clear that Haggins did not waive his right to counsel through an affirmative request; his retained counsel moved to be relieved on the day of trial when Haggins was not present and had not been in touch for several months. Therefore, if Haggins waived his right to counsel, it could only be through his conduct. However, Haggins testified that he appeared at "roll call" several times prior to the case being called for trial, and Haggins testified he was unable to maintain contact with counsel because he was homeless, unemployed, and did not have a working phone. Moreover, the "requirement of warning the defendant of the dangers of self-representation applies to waiver by conduct." *Osbey*, 425 S.C. at 620, 825 S.E.2d at 51. The record does not support a finding that Haggins was advised of the dangers and disadvantages of self-representation. Although Haggins had prior involvement with the court system and clearly understood the desirability of having the assistance of counsel, it is apparent that he did not understand how his attorney could be relieved immediately prior to trial and he could be left without representation. Further, Haggins did not forfeit his right to counsel as there is no evidence that he engaged in "extremely dilatory conduct" such as verbal abuse of counsel, making threats, or misbehavior in the courtroom. *See Thompson*, 355 S.C. at 267-68, 584 S.E.2d at 137-38 (listing examples of conduct various courts have found to rise to the level of forfeiture). Haggins's failure to appear, without more, "does not rise to the level of waiver" or forfeiture. *Id.* at 266, 269, 584 S.E.2d at 137-38.

Because we find Haggins did not waive or forfeit his right to counsel, we hold the PCR court erred in denying his application for post-conviction relief. *See*

*Gardner v. State*, 351 S.C. 407, 412, 570 S.E.2d 184, 186 (2002) ("In a PCR action, if the record fails to demonstrate the petitioner made an informed choice to proceed pro se, with 'eyes open,' then the petitioner did not make a knowing and voluntary waiver of counsel, and the case should be remanded for a new trial.").

**REVERSED AND REMANDED.**

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**